# Charles J. Keogh et al., Appellants, *v.* Pittston and Scranton Street Railway Company.

*Street railways—Equity—Appeals.*

Where a preliminary injunction has been granted to restrain the construction of a street railway in a borough, because the councilmen who had voted in favor of the ordinance granting the privilege to the railway company, had received free passes and been paid certain expenses by the company, the court may subsequently modify the decree so as to permit the construction of the railway, where it appears that the councilmen surrendered their passes and subsequently without any fraud or bribery passed a second ordinance authorizing the use of the borough streets.

Argued Feb. 20, 1900. Appeal, No. 396, Jan. T., 1900, by plaintiffs, from decree of C. P. Lackawanna Co., Sept. T., 1899, No. 7, on bill in equity. Before Green, C. J., McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Bill in equity for an injunction.

From the record it appeared that on August 14, 1900, the court continued a preliminary injunction against the construction of a street railway by the defendant in the borough of Old Forge, on the ground that at the time the ordinance of the borough was passed consenting to the use of the streets by the street railway company, the councilmen who had voted in favor of the ordinance had been given free passes, and had been paid certain expenses by the street railway company. Subsequently another ordinance was passed granting to the defendant the right to lay tracks on the streets, and a motion was made to vacate the previous order of the court.

Gunster, J., filed the following opinion:

The preliminary injunction in this case was continued on the ground that the ordinance under which the defendants proposed to construct their road, was tainted; that it had been procured by improper influences. The defendants now allege that since that time another ordinance has been passed by the borough authorities which is not open to such a charge, and they ask that the injunction be modified so as to enable them to construct their road in accordance with this last ordinance.

It appears that at a regular meeting of the borough council of the borough of Old Forge, held on August 14, 1899, an ordinance entitled "An ordinance authorizing the construction and operation of a street railway in the borough of Old Forge by the Pittston and Scranton Street Railway Company," was introduced and passed first and second reading, and at the regular meeting of the council held on August 21, 1899, the ordinance was passed on third reading, four of the five members present voting "yea" and one voting "nay" thereon. The ordinance was then presented to the burgess, who returned the same without his approval to the council at its next regular meeting, which was held on August 28, 1899, all the members being present. The message of the burgess was read. After various preliminary motions it was regularly moved and seconded that the ordinance be enacted into a law and passed, notwithstanding the veto of the burgess ; and on this question, the roll being called, five members voted "yea" and two members voted "nay," and the names of the members voting having been duly recorded, the president of the council declared the ordinance to have been properly and legally passed, and the same to be advertised and published according to law, which was done. In accordance with the terms of the ordinance, the defendant company filed with the borough clerk a written acceptance of the provisions of the ordinance, and gave to the borough an indemnifying bond in the sum of $10,000, approved by the borough solicitor, to secure the borough against any claims of property owners by reason of change of grade in front of their property, and to secure the borough for any expense for litigation arising from the construction of the road.

It is contended on part of the plaintiffs that the ordinance now in question was procured by the same means that the first one was produced by, and that it is no better. Aside from the evidence which was adduced at the hearing of the rule to continue the preliminary injunction, there is no evidence of any improper influence being brought to bear in favor of any ordinance authorizing the company to construct and operate the road.

On the contrary, as soon as the giving of passes by the company, and the acceptance thereof by members of the borough council had been declared illegal and improper, the councilmen

who had passes immediately surrendered them to the company, and as far as I can judge, the ordinance of August 28, 1899, was introduced and passed because a majority of the borough council honestly thought it should be done for the benefit of the community.

The fact that they were paid their witness fees and expenses at the former hearing by the agent of the company, does not appear to have anything to do with this ordinance. That was all done in connection with the first ordinance, and was done before that ordinance was declared illegal.

I have examined the testimony carefully, and while the councilmen who voted for the present ordinance are the same councilmen who voted for the first one, I cannot find that their votes in the present case were cast from improper motives, or procured by improper means.

And now, September 26, 1899, it is ordered that the injunction heretofore granted and continued be, and the same is, hereby so modified that the same shall not in any manner restrain or interfere with the construction and operation by the defendant company of a street railway in the borough of Old Forge under and in pursuance of the ordinance of August 28, 1899, above referred to.

*Error assigned* was the decree of the court.

*H. M. Hannah* and *J. T. McCollom* for appellants.—In view of the fraud in this case and the fact that the council was divided, and that the burgess vetoed the ordinance on the ground of improvidence and unfairness toward the public, the injunction should have been continued: Kneedler v. Norristown, 12 W. N. C. 37; Com. v. Gas Co., 12 Pa. 321; Pittsburg's App., 18 W. N. C. 537; Kip v. City of Patterson, 2 Dutcher (N. J.), 298; Livingston v. Wolf, 136 Pa. 519.

*Everett Warren*, with him *Edward N. Willard* and *Henry A. Knapp*, for appellee, cited Penna. R. Co. v. Second Ave. Traction Co., 184 Pa. 227.

PER CURIAM, March 12, 1900:

This is an appeal from an order of the court below modifying

a preliminary injunction.    We see no sufficient reason for interfering with the order made by the court at this stage of the proceedings, and, in accordance with our usual practice in this class of cases, we abstain from filing any opinion now.

Order affirmed and appeal dismissed with costs.